# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALEJANDRO TOMAX, | |
|     Plaintiff, | Case No. 2:10-CV-00796-KJD-PAL |
| v. | **ORDER** |
| WELLS FARGO HOME MORTGAGE, *et al.*, | |
|     Defendants. | |

      Presently before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (#4). Plaintiff filed a response in opposition (#8) to which Defendant Wells replied (#10).

I.  Background

      On or about August 15, 2005, Plaintiff entered into a loan for $285,000.00 secured by a Deed of Trust on property located at 2726 Herron Hills St., Las Vegas, Nevada.  Plaintiff stopped making payments on the loan on or about November 1, 2008.  A Notice of Default and Election to Sell was filed on February 17, 2009 by MTC Financial, Inc. d/b/a Trustees Corp as agent for beneficiary, Wells.  On April 21, 2009, Substitution of Trustee was recorded, substituting MTC Financial as Trustee under the Deed of Trust.  Notice of Trustee's Sale was filed on June 2, 2009 setting the sale for June 22, 2009.  On June 29, 2009, Federal Home Loan Mortgage Corporation purchased the

property at the Trustee's Sale. On July 16, 2009, Assignment of Deed of Trust was recorded which transferred all beneficial interest under the Deed of Trust from Wells to Federal Home Loan Mortgage Corporation.

On April 20, 2010, ten months after the Trustee's Sale, Plaintiff filed the present complaint in Nevada state court alleging that in June 2009, the parties began communicating regarding the possibility of loan modification. Plaintiff alleges that he had sent correspondence and documentation to the loss mitigation department and representatives of Wells. Plaintiff asserts that Wells told him that the loan would be modified and the property would not be foreclosed on. His complaint asserted the following causes of action: (1) promissory estoppel; (2) wrongful foreclosure/quiet title; (3) tortuous misrepresentation; and (4) preliminary/permanent injunction. Defendant Wells has now moved to dismiss Plaintiff's complaint.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

    A. Promissory Estoppel

Plaintiff asserts that because he alleged that Wells made "direct verbal representations" that "foreclosure would not occur and that a modification agreement would be executed between the parties", he has adequately asserted a claim for promissory estoppel.  However, deeds of trust are subject to the statute of frauds in Nevada.  See Nev. Rev. Stat. § 111.205.  Oral agreements to modify deeds of trust are also subject to the statute of frauds.  See 37 C.J.S. Stat. Frauds 95; Powell on Real Property, Section 81.02[2][d]("oral modification of a written agreement to convey an interest in property generally fails").  Courts have recognized that even a forbearance agreement is subject to the statute of frauds.  See Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2, 84 Cal. Rptr. 3d 275, 282-83 (Cal. Ct. App. 2008).  Plaintiff has not alleged that any written agreement to modify the terms of the loan or forbear exists.  Accordingly, the claim for equitable estoppel is barred by the statute of frauds and must be dismissed.

    B.  Wrongful Foreclosure

Generally speaking, a tort action for wrongful foreclosure does exist in Nevada, but only if "no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of power of sale." Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).  Plaintiff does not dispute that he breached the agreement by failing to make payments in accordance with the agreement.  Therefore, the Court dismisses this claim.

In response to Defendant's motion to dismiss this claim, Plaintiff asserted violations in the procedure for conducting a trustee's foreclosure sale in Nevada as set forth in NRS § 107.080 et seq.  However, Plaintiff's complaint alleges no irregularities in the foreclosure process as described in

Section 107.080.  Therefore, the Court grants Plaintiff leave to amend this claim within ten days of the entry of this order.

### C. Tortuous Misrepresentation

Defendant has also moved to dismiss Plaintiff's claim for misrepresentation. Misrepresentation is a form of fraud where a false representation is relied upon in fact.  See Pacific Maxon, Inc. v. Wilson, 96 Nev. 867, 871 (Nev. 1980).  Fraud has a stricter pleading standard under Rule 9, which requires a party to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also Morris v. Bank of Nev., 886 P.2d 454, 456 n.1 (Nev. 1994).

Plaintiff's claim for negligent misrepresentation fails because it was not pled with specificity under Rule 9(b).  In Barmettler v. Reno Air, Inc., the Nevada Supreme Court adopted the Restatement (Second) of Torts § 552 definition of negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

956 P.2d 1382, 1387 (Nev. 1998).  Nowhere in the Complaint does Plaintiff allege who made the fraudulent statements, when the statements were made, or where they were made.  Moreover, Plaintiff fails to allege the specific content of the fraudulent statements—her allegations only include broad generalizations.  Accordingly, the Court dismisses Plaintiff's negligent misrepresentation claims.  However, Plaintiff is granted leave to amend these claims with specificity.  Failure to do so within ten (10) days of the entry of this order will result in Plaintiff's complaint being dismissed with prejudice.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (#4) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff file an amended complaint within ten (10) days of the entry of this order.

DATED this 29th day of March 2011.

_____
Kent J. Dawson
United States District Judge